UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x

UNIVEST NETWORK, LLC,

                Plaintiff,        <u>MEMORANDUM OPINION</u>

     -against-          04 Civ. 9868 (MGC)

AT&T CORPORATION, C. MICHAEL
ARMSTRONG, CHARLES H. NOSKI,
and JOHN ZEGLIS,

                Defendants.
--------------------------------X


APPEARANCES:

        LAW OFFICE OF CHRISTOPHER J. GRAY, P.C.
        Attorney for Plaintiff
        460 Park Avenue, Floor 21
        New York, NY 10022

        By: Christopher J. Gray, Esq.


        SIDLEY AUSTIN LLP
        Attorneys for Defendants
        1501 K. St., NW
        Washington, DC 20005

        By: Michael Warden, Esq.

C<small>EDARBAUM</small>, J.

AT&T Corporation and C. Michael Armstrong move to dismiss the common law fraud claims asserted against them in plaintiff's Third Amended Complaint.  Plaintiff bases these claims on four alleged misrepresentations.  Defendants' motion to dismiss was granted, in part, at oral argument on March 22, 2006.  Decision was reserved solely as to the question of whether the incorporation by reference of defendants' January 11, 2000 press release into the April 2000 Prospectus is actionable as common law fraud.  For the reasons that follow, defendants' motion to dismiss is denied as to plaintiff's common law fraud claims that are based on the incorporation by reference of the January 11, 2000 press release into the April 2000 Prospectus.

BACKGROUND

Plaintiff's Third Amended Complaint alleges four fraudulent statements by defendants.  However, as I held at oral argument, three of the four alleged statements are not affirmative misrepresentations and, in the absence of a duty to disclose, cannot support a claim for common law fraud. The only alleged misrepresentation on which plaintiff may base a claim for common law fraud is defendants' incorporation by reference into the Prospectus of a January 2000 press release that reaffirmed AT&T's 2000 Guidance.

The Complaint alleges that:

> [T]he Prospectus was false and misleading because
> it incorporated by reference (Prospectus, p. 110)
> AT&T's filing on Form 8-K on January 14, 2000 that
> in turn incorporated a press release dated January
> 11, 2000 (Exhibit 5 hereto).  The January 11, 2000
> press release was headlined "AT&T Reaffirms
> 1999/2000 Financial Guidance, Reports Fast Start
> In Local Phone Service" and attributed to
> defendant Armstrong a reaffirmation that "earnings
> per share for 2000 are expected to range between
> $2.10 to $2.15" and "that total pro forma revenue
> growth will range between 8 to 9 percent, a 30 to
> 60 percent growth increase from the revenue growth
> rate expected for 1999...."  The 2000 Guidance
> reaffirmed in the January 11, 2000 release was the
> guidance announced in a December 6, 1999 press
> release incorporated in a December 6, 1999 filing
> on Form 8-K (Exhibit 6 hereto).  The foregoing
> reaffirmations of the 2000 Guidance, as
> incorporated into the Prospectus, were false and
> misleading because AT&T already knew as of at
> latest April 17, 2000 that it had missed its
> targets for 1Q 2000 and would have to lower its
> 2000 guidance....

Complaint ¶ 116(a).

Although the Prospectus is not attached to the
Complaint, plaintiff has relied on the Prospectus in
drafting the Complaint.  The contents of the Prospectus may
therefore be considered on a motion to dismiss.  See Broder
v. Cablevision Sys. Corp., 418 F.3d 187, 196 (2d Cir.
2005)("Where a plaintiff has 'reli[ed] on the terms and
effect of a document in drafting the complaint,' and that
document is thus 'integral to the complaint,' we may
consider its contents even if it is not formally

incorporated by reference.")(quoting <u>Chambers v. Time
Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002)).

## DISCUSSION

Defendants argue that their reaffirmation of the 2000
Guidance in the January 11 press release was not fraudulent
because the reaffirmation was a forward-looking statement at
the time that it was issued in January, and was not rendered
fraudulent by its later incorporation into the Prospectus.
Defendants note that plaintiff has not alleged that
defendants lacked a good faith belief or reasonable basis
for the reaffirmation of the 2000 Guidance in January.
Therefore, defendants contend, the statement in the press
release was not false at the time it was made and was not
rendered false by its later incorporation into the
Prospectus simply because it failed to predict the future
accurately.  In essence, defendants argue that the press
release, as incorporated into the Prospectus, speaks as of
the date it was issued in January, not as of April 26, 2000,
the date on which the Prospectus was issued.  Defendants
also note that they were required under SEC regulations to
incorporate all year 2000 8-Ks into the Prospectus.

Defendants' argument, however, overlooks the clear
statement in the Prospectus that "these forward looking
statements . . . speak as of the date of this prospectus."

Prospectus at 109.  As Judge Brown of the New Jersey District Court noted, in denying the parties' motions for summary judgment in a related class action also based on AT&T's wireless tracking stock IPO, it "seems clear that the language on the face of the Prospectus controls and that the forward-looking statements speak as of the date of the Prospectus."  In Re AT&T Corp. Sec. Litig., 01 Civ. 1883(GEB), slip. op. at 20-21 (D.N.J. Sept. 3, 2004)(order denying parties' motions for summary judgment).

Defendants also argue that plaintiff has failed to state a claim for common law fraud because it fails to plead reliance on the reaffirmation of the 2000 Guidance contained in the January 11 press release.  This argument has no merit.  Plaintiff clearly states in the Complaint that "Univest through its principals read the foregoing statements, and, knowing of the duty of full disclosure imposed by the federal securities laws, justifiably relied on the continued validity of AT&T's 2000 Guidance and the absence of additional material negative information in the Prospectus."  Complaint ¶ 117.


CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted in part and denied to the extent that

plaintiff's claims are based on the incorporation by reference of the January 11, 2000 press release into the Prospectus that was issued on April 26, 2000.

Dated:    New York, New York
          April 19, 2006

                            S/_____
                            MIRIAM GOLDMAN CEDARBAUM
                            United States District Judge